UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTIAN JHOVANY SANCHEZ,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-cr-2128-BEN<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT PURSUANT TO 8 U.S.C. § 1326(d)** |

Now before the Court is Defendant's Motion to Dismiss the Indictment Due to Invalid Deportation (filed January 17, 2024). Upon review, this Court finds the underlying removals to be valid. Alternatively, this Court finds that even if the underlying removal proceedings were constitutionally flawed, Defendant cannot show that he suffered prejudice. Therefore, the motion to dismiss the indictment is denied.

**I.　　BACKGROUND**

Defendant is currently charged with the crime of attempted reentry in violation of 8 U.S.C. §1326. Defendant was removed in 2010, 2014 (twice), 2018, and 2020. Defendant is not a citizen of the United States. He was first ordered removed by an Immigration Judge on August 12, 2008. In June 2010, he was convicted of misdemeanor battery in violation of California Penal Code § 242 and removed from the United States on June 30, 2010. He returned to the United States and in December 2010 he was convicted of first degree residential burglary

1

in violation of California Penal Code § 459.  In January 2014, he was convicted of being a felon in possession of a firearm in violation of California Penal Code § 29800(A)(1) and removed from the United States on June 4, 2014.  In November 2014 he attempted to return to the United States but was apprehended and convicted of illegal entry in violation of 8 U.S.C. § 1325 and removed from the United States on November 21, 2014.   He returned to the United States and was apprehended and convicted of illegal reentry in violation of 8 U.S.C. § 1326 and sentenced to 18 months in prison by this Court in Case No. 17cr1285-BEN.  He was removed from the United States on October 2, 2018.  On June 13, 2020, he attempted to re-enter the United States claiming to be an United States citizen and was removed pursuant to an Expedited Removal Order.  He attempted to re-enter the United States on September 12, 2023 and is now charged with violating 8 U.S.C. § 1326.

## II.     CHALLENGING THE UNDERLYING REMOVAL ORDER

Defendant has moved to dismiss the indictment pursuant to 8 U.S.C. §1326(d).  Under §1326(d), a defendant may collaterally attack the validity of a removal order by satisfying three requirements.  "[E]ach of the statutory requirements of § 1326(d) is mandatory."  *United States v. Palomar-Santiago*, 593 U.S. 321, 329 (2021).   A defendant must prove: (1) he exhausted any administrative remedies available for relief from the removal; (2) the underlying removal proceedings improperly deprived him of judicial review; and (3) the entry of the removal order was fundamentally unfair.  With respect to the third prong, an underlying removal order is fundamentally unfair if the deportation proceeding violated the alien's due process rights and he suffered prejudice as a result.  *See United States v. Gambino-Ruiz*, __ F.4th __, 2024 U.S. App. LEXIS 1635, *9 (9th Cir. Jan. 24, 2024); *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1085 (9th Cir. 2011).  To establish prejudice, a defendant must show that there were "plausible grounds for relief" from the underlying removal order.  *United States v.*

*Reyes-Bonilla*, 671 F.3d 1036, 1049-50 (9th Cir. 2012) ("A plausible claim to relief, however, requires some evidentiary basis on which relief could have been granted, not merely a showing that some form of immigration relief was theoretically possible."). These three § 1326(d) requirements apply to allegations of both substantive and procedural errors. *See United States v. Portillo-Gonzalez*, 80 F.4th 910, 919 (9th Cir. 2023) ("*Palomar-Santiago* did not limit its holding to an IJ's substantive errors.  On the contrary, the Court expressly rejected the argument that § 1326(d)'s requirements apply differently to substantive errors than to procedurals ones"). And these requirements cannot be excused. *See id*. at 916.

### A. The 2008 Removal Order

Defendant attacks both the 2008 and the 2020 removal orders. As to the 2008 removal order, Defendant argues that it was fundamentally unfair, which would satisfy the third prong of §1326(d). However, he argues that he is exempt from satisfying the first and second prongs, relying on law since overruled by the Supreme Court in *Palomar-Santiago*. *See* Def's Motion at 6 (citing *United States v. Ochoa-Oregal*, 904 F.3d 682, 684 (9th Cir. 2018)).

The Government disagrees and points out that Defendant has not exhausted his administrative remedies by filing a motion to reopen proceedings, though he could do so at any time. As such, Defendant has not satisfied the first two prongs to collaterally attack the 2008 order under § 1326(d). Defendant is in the same unsuccessful position as the defendant in *Portillo-Gonzalez*. 80 F.4th at 920-21 ("Because, under *Palomar-Santiago*, an administrative appeal to the BIA was 'available' to challenge [the earlier] removal order, his failure to exhaust that remedy means that he did not satisfy § 1326(d)(1).  Because [Portillo-Gonzalez] could have sought judicial review had he taken such an appeal, he was not 'deprived of the opportunity for judicial review' and therefore did not satisfy § 1326(d)(2).  And because he must satisfy all three requirements to invoke § 1326(d)'s exception, he remains subject to § 1326(d)'s general rule that he 'may

not challenge the validity' of his predicate removal order. The district court therefore properly denied Portillo-Gonzalez's motion to dismiss the indictment.").

### B. The 2020 Expedited Removal Order

For the 2020 expedited removal order, Defendant again asserts his due process rights were violated and he suffered prejudice as a result. Expedited removal orders present a different inquiry because an alien is not entitled to administrative or judicial appeal. *See Gambino-Ruiz*, __ F.4th at __, 2024 U.S. App. LEXIS 1635, at *9 ("The government concedes that the administrative exhaustion and judicial review prongs are satisfied in the context of expedited removal because neither are available to an alien so removed.") (citations omitted). Thus, the first and second prongs of § 1326(d) need not be satisfied, and Defendant here makes no attempt to satisfy them. Instead, he argues prong three. He argues that his due process rights were violated. Because his rights were violated, he did not seek withdrawal of his application for admission. Had he sought withdrawal, most importantly, he argues it is plausible that withdrawal would have been granted to him.

The Government disagrees. It argues that the removal satisfied Defendant's due process rights. And it argues, regardless, it is implausible that an alien with this Defendant's criminal record and repeated fraudulent claims of citizenship would be granted withdrawal of his application for admission. In fact, the Government points out that border officials actually did consider withdrawal and decided to deny such relief. The Government has the better claim.

Defendant contends his due process rights were violated because the officers failed to provide him with notice of the charge against him and an opportunity to respond. *See* Def's Motion at 7. Yet, Exhibit K to Defendant's motion indicates that officers did, in fact, provide notice of the charges along with the record of sworn statement, and provided Defendant an opportunity to respond—to which Defendant declined. *See* Def's Motion , Dkt 26-1 at 29-37. Secondly, Defendant

4

23-cr-2128-BEN

also argues that he was drunk and incapable of understanding the proceedings. *Id*. at 10. Defendant's uncorroborated claim is unconvincing. The recorded interview took place approximately 24 hours later, long after Defendant's initial detention and 24 hours later the officer asked him at the outset of the interview whether he felt well enough to answer questions (he answered "yes") or whether he had taken any "drugs, alcohol or medications" (he answered "no"). *See id*. at 33-34; *id*. at 35 (During the interview Defendant said that he had lied in claiming that he had dual citizenship and that he had been born in St. Mary's Hospital in San Bernardino, California and that he was a Marine for the United States.). To sum up, Defendant has not demonstrated that his due process rights were violated during the procedures resulting in the order for expedited removal in 2020.

 Even if Defendant could make that showing, he could not show prejudice therefrom. Defendant maintains that he would have requested withdrawal of his application for admission and that it is plausible, not just possible, that withdrawal would have been granted. This claim is likewise unconvincing.

 First, the immigration officer actually did consider Defendant for withdrawal of application for admission and he exercised his discretion and denied that form of relief, as the Government points out. *See* United States Response in Oppo., Dkt 28-1 at 16 (*Discretionary Authority Checklist for Alien Applicants*, page 2, "Applicable Discretionary Action(s): Withdrawal of Application for Admission [box by "No" marked]"). The form is signed by the examining CBP Officer, a supervisory CPB Officer, and a reviewing 2nd Line Manager. Consequently, one need not try to predict whether it would have been plausible that Defendant would have been granted withdrawal, he was actually considered for such relief and withdrawal was denied. Finally, considering the merits and demerits here of Defendant's particular case, one would not have found it plausible that withdrawal would have been granted. Fraud is a crucial factor in considering discretionary relief and it is present in Defendant's application for admission. Along with his

criminal history, Defendant's case does not present one of plausible withdrawal of application for admission. His case is closer to the case of *United States v. Soto-Garcia*, No. 16cr2641-GPC, at 14-22 (S.D. Cal. Feb 8, 2017) (finding withdrawal implausible on a similar record and noting "[c]rucially, the Inspector's Field Manual also states that an 'expedited removal order should ordinarily be issued, rather than permitting withdrawal, in situations where there is obvious, deliberate fraud on the part of the applicant.'"); *see also, United States v. Soto-Garcia*, 2017 U.S. Dist. LEXIS 12797 (S.D. Cal. Jan 30, 2017) (tentative ruling). Therefore, there is no showing of prejudice, and Defendant has failed to satisfy prong three of the §1326(d) requirements for collaterally attacking the 2020 expedited removal order.

### III.   CONCLUSION

Defendant has not demonstrated under § 1326(d) that that either his 2008 removal order or his 2020 expedited removal order are constitutionally defective. Both are sufficient to support the charge in the Information of attempted re-entry of a removed alien under 8 U.S.C. § 1326(a) and (b).

Therefore, Defendant's Motion to Dismiss the Indictment for Invalid Deportation under § 1326(d) is hereby, DENIED.

**IT IS SO ORDERED.**

Date: March 1, 2024

HON. ROGER T. BENITEZ
United States District Judge